IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>RICK EBERHARDT, Pierce County Sheriff; JASON DWINELL, Wayne County Sheriff; and ET AL,<br><br>Defendants. | 8:21CV283<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, sues two county sheriffs and unnamed parties labeled "et al" for alleged constitutional violations stemming from his arrest and incarceration in the Pierce County Jail in July 2020. Plaintiff has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff alleges that unidentified members of the Wayne County Sheriff's Department came to Plaintiff's residence on July 16, 2020, and questioned him about a dispute he had with his ex-wife the prior evening. He was not read his *Miranda* rights and was arrested after Plaintiff explained what had occurred on July 15. Plaintiff was taken to the Pierce County Jail where he was booked by the Wayne County Sheriff's Department on "fictitious charges" made by his ex-wife. Plaintiff claims that "excessive bond" was set. (Filing 1 at CM/ECF p. 3.)

Plaintiff was placed in the Pierce County Jail "drunk tank" for 24 hours without dinner and without a blanket, mattress, or pillow in a cell that was below 70 degrees. He alleges he was not given his evening or morning blood-pressure

medication. The evening following his missed medications, Plaintiff developed severe chest pains and numbness on his left side, as well as blood-pressure spikes of 220/120 and 197/125. Plaintiff alleges that the Pierce and Wayne County Sheriff's Departments both refused to transport him to the hospital. Plaintiff claims he "became unstable, delirious and can vaguely remember what happened until 20 July, 2020." (*Id*. at p. 4.)

Plaintiff appeared in Wayne County Court, which denied his request that his bond be lowered. Plaintiff was bound over to Wayne County District Court on August 8, 2020, where bond was set and Plaintiff was required to live with his parents and inform the Wayne County Sheriff's Department if he left the residence. Plaintiff alleges that he "made monetary bond" and went to the V.A. medical clinic in Norfolk, Nebraska, because of stroke symptoms. An MRI showed a recent stroke. Plaintiff claims that if his condition had been treated by jail medical staff within 72 hours, it could have been prevented and would not have caused permanent damage. (*Id*.)

For relief, Plaintiff requests $2,000,000 in damages. (*Id*. at p. 5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

### A.  Defendants' Capacities & Identities

#### 1.  County Sheriffs

Plaintiff sues the Pierce County Sheriff and the Wayne County Sheriff. Because Plaintiff does not specify the capacity in which he sues these Defendants, the court must construe Plaintiff's suit to be brought against these Defendants in their official capacities, which is actually a suit against the counties that employ them. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

A county may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing

3

*Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's allegations fail to show that any actions were taken pursuant to a policy or custom of Pierce or Wayne Counties. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

The court will grant Plaintiff leave to file an amended complaint to properly bring claims against these Defendants in their official capacities. If Plaintiff chooses to file an amended complaint, he may also allege claims against Defendants in their

individual capacities. If he does so, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, Plaintiff must explain how each Defendant *personally* participated in the alleged constitutional violations. For Plaintiff's guidance in filing an amended complaint, below is a discussion of the constitutional claims suggested by his Complaint.

### 2. "Et al" Defendants

Unknown, unnamed Defendants characterized as "et al" are named in the caption, but they are not otherwise identified. "'[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). However, the allegations in Plaintiff's Complaint regarding these unknown, unnamed Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See id.* The Complaint "does not sufficiently allege who [these] Defendants are, what they allegedly did, what their position is for the [County], or any other facts that would permit [them] to be noticed or identified through discovery." *Id.*

The court will give Plaintiff leave to amend his Complaint to identify by name the "et al" Defendants he alleges violated his constitutional rights. If Plaintiff fails to do so, these Defendants will be dismissed from this action. *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015) ("A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant."); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not

5

allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

**B. Constitutional Claims**

Plaintiff's Complaint suggests several possible claims which are discussed below for Plaintiff's reference in filing an amended complaint.

**1. Absence of *Miranda* Warnings & Subsequent Arrest**

Plaintiff complains that he was questioned at his home without the benefit of *Miranda* warnings. "[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. . . . because [t]he reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself, . . . the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (internal quotations and citations omitted); *see also Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (citing cases). If Plaintiff chooses to file an amended complaint, it should not include a *Miranda* claim.

Plaintiff also asserts a false-arrest claim—that is, that he was arrested (presumably without a warrant) based upon "fictitious charges" made by his ex-wife. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) (plaintiff alleging arrest without probable cause could bring claim for wrongful arrest under Fourth Amendment). "A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) (internal quotation marks and citation omitted). "An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Id*. (internal quotation marks and citation omitted). "To determine the existence of probable cause, we look at the totality of the

6

circumstances as set forth in the information available to the officers at the time of arrest." *Id*. (internal quotation marks and citation omitted).

Should Plaintiff file an amended complaint, he should clarify what offense he was charged with committing and the facts and circumstances surrounding his arrest.

### 2. Excessive Bond in County Criminal Proceeding

Plaintiff makes no allegation that any of the Defendants played any part in setting the bond to which Plaintiff objects. Even if the Defendant sheriffs were permitted to decide the bond amount pursuant to local practice, quasi-judicial immunity would shield the sheriffs from liability. *John Chism Bail Bonds, Inc. v. Pennington*, 411 Fed. Appx. 927, 930 (8th Cir. 2011) ("We hold quasi-judicial absolute immunity protects the sheriff and jail administrator in their joint decision to require a sheriff's bond before releasing Williams"); *Phillips v. Pike*, No. 3:20-CV-05015, 2021 WL 4071874, at *5 (W.D. Mo. Sept. 7, 2021) (judicial immunity shielded sheriff's deputy from excessive-bond claim when long-standing practice in county court allowed law-enforcement officers to decide initial bond amount for probable-cause arrests). Therefore, Plaintiff should not include this claim in an amended complaint.

### 3. Negligent & Deliberately Indifferent Medical Care

When a pretrial detainee's Fourteenth Amendment claim alleges constitutionally deficient medical care, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014).

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

7

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id*. (internal quotation and citation omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Id*. at 914-15 (internal quotations and citations omitted).

Here, Plaintiff alleges that failing to take him to the hospital during his blood-pressure spikes caused him to have a stroke and, as a result, he is now afflicted with unidentified "permanent damage." The Eighth Circuit has held that "[w]hen the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (cleaned up; emphasis in original). To establish this effect, the Plaintiff will eventually be required to "'place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment . . . .'" *Id.* (quoting *Crowley v. Hedgepeth,* 109 F.3d 500, 502 (8th Cir. 1997)).

In this case, it appears that the Defendants treated Plaintiff's situation by simply monitoring his blood pressure rather than immediately transporting him to a hospital for further testing. However, a doctor's decision to initially administer conservative treatment does not necessarily constitute deliberate indifference. *See, e.g., Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 386 (8th Cir. 2014) (jail physician and nurse were not deliberately indifferent when they began logging inmate's daily

blood pressure after inmate complained, when they delayed prescribing medication after several high readings, and when they failed to write a second prescription immediately after the first one went missing); *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 632 (8th Cir. 2009) (holding defendant who decided to postpone x-ray based on medical judgment that injury was not urgent entitled to summary judgment); *Blondheim v. County of Olmsted*, 47 Fed. App'x 766 (8th Cir. 2002) (unpublished) (doctors at correctional facility were not deliberately indifferent by treating inmate's torn ACL conservatively over 4 years, mainly with Tylenol and ace bandages, even though they knew outside orthopedic surgeon had recommended surgery). Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of deliberate indifference. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation.").

### 4. Conditions of Confinement

Plaintiff complains that he was placed in the Pierce County Jail "drunk tank" for 24 hours without dinner and without a blanket, mattress, or pillow in a cell that was below 70 degrees. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, under which a convicted and sentenced prisoner may be punished, as long as such punishment is not cruel and unusual. In contrast, a pretrial detainee's challenge to such conditions is analyzed under the Due Process Clause of the Fourteenth Amendment (with respect to state actors) or the Fifth Amendment (with respect to federal actors), which require that a pretrial detainee not be punished. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

To determine whether a pretrial detainee's conditions of confinement constitute "punishment," a plaintiff may show that such conditions are "intentionally punitive" or, in the absence of an "expressly demonstrated intent to punish, the

plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (citing *Bell*, 441 U.S. at 536-39). If the conditions are found to be arbitrary or excessive, it may be "'infer[red] that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.'" *Id.* (citing *Bell*, 441 U.S. at 539).

However, the Due Process Clause is "not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986) (also holding that the protections of the Due Process Clause are not "triggered by lack of due care by prison officials" or "merely because the defendant is a [government] official"); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Stearns*, 957 F.3d at 908 n.5 (noting that defendants were "sheltered from liability for mere negligence under the *Bell* standard").

Plaintiff's current allegations, if properly asserted against the Defendants in an amended complaint, are unlikely to state a due process claim. *See Goldman v. Forbus*, 17 F. App'x 487, 488 (8th Cir. 2001) (conditions of confinement were not unconstitutional punishment when plaintiff spent two nights in two-person cell with two others cellmates and four nights in eight-man cell with ten other men and slept on mattress on floor in both locations); *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647 (8th Cir. 1996) (pretrial detainee's due process rights not violated by confinement to space of 30 square feet and use of floor mattress for 13 nights, and confinement did not constitute "punishment"; totality of circumstances supported existence of legitimate governmental interest based on short duration of confinement, necessity to keep detainee under observation for both his medical condition and general safety concerns, and amount of time detainee spent out of the cell); *Smith v. Copeland,* 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no Eighth Amendment or due process violation where pretrial detainee was subjected to overflowed toilet in his cell for four days; to prevail, plaintiff must show officers

were deliberately indifferent to risk of harm posed by conditions); *Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate inmate's Eighth Amendment rights); *Barnes v. Holder*, No. 1:14CV0003, 2014 WL 1478440, at *4 (E.D. Mo. Apr. 15, 2014) (no due process violation for detainee's time in "drunk tank" when cell was cold for 38 hours, cell light was on for 24 hours straight, no recreation was allowed, and bedding was removed during time in isolation (citing cases)).

### C. Motion to Appoint Counsel

Plaintiff has requested appointment of counsel. (Filing 3.) There is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996); *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 2021 WL 2285235 (8th Cir. 2021) (unpublished). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the case, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Phillips*, 437 F.3d at 791; *Edgington,* 52 F.3d at 780; *Recca*, 2021 WL 2285235, at *4. Having considered these factors, the court concludes that appointment of counsel is not warranted at this time.

### IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants in their official capacities. Further, none of Plaintiff's claims can proceed against the unspecified "et al" Defendants so long as these Defendants remain unknown and unidentified or so long as Plaintiff fails to

include in his Complaint allegations specific enough to permit the identity of these Defendants after reasonable discovery.

Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his constitutional claims against specific, named defendants. The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the clerk of the court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. Plaintiff's Motion to Appoint Counsel (Filing 3) is denied without prejudice.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: December 30, 2021: amended complaint due.

6. The clerk of court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (non-prisoner).

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 30th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

13